# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1405V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
WILLIAM EFRON,                                *         Chief Special Master Corcoran
                                              *
                Petitioner,                   *         Filed:  September 25, 2024
                                              *
        v.                                    *
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
                Respondent.                   *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark T. Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.

*Nina Ren*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 16, 2024, William Efron filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that an influenza vaccine he received on October 20, 2017, caused or significantly aggravated his "cold intolerance, tremor, myalgia, fatigue and anhidrosis." Petition (ECF No. 1) at 1. A two-day entitlement hearing was held on June 4 and August 14, 2024, in Washington, D.C., and the matter is still pending resolution.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated July 9, 2024 (ECF No. 67) ("Mot."); Supplemental Fees and Costs Motion, dated Aug. 15,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2024 (ECF No. 73) ("Supp. Mot."). Petitioner requests a total of $194,867.41 in attorney's fees and costs ($113,881.37 in fees, plus $80,986.04 in costs) for the work of attorney Mark T. Sadaka. Mot. at 4; Supp. Mot. at 1. Respondent reacted to Petitioner's initial and supplemental interim fees request on July 16 and August 16, 2024. Response, dated July 16, 2024 (ECF No. 68); Aug. 16, 2024 (ECF No. 74). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. *Id.* at 2. Petitioner filed a reply maintaining his position and requested that he be awarded the requested fees and costs as indicated. ECF No. 75.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$118,327.81**. I defer resolution of the unawarded portion of expert costs to the case's ultimate conclusion.

## ANALYSIS

### I.    Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim. In addition, the other indicia I consider significant in resolving interim award requests have been met. This matter has been pending for

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

almost four years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to request an interim award after a hearing is held. And no other circumstances exist that make an interim award inappropriate.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for Mr. Sadaka and his staff, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Mark Sadaka (Attorney)** | $396.00 | $405.00 | $422.00 | $444.00 | $458.00 | $482.00 | $563.00 |
| **Michele Curry (Paralegal)** | $150.55 | $156.00 | $163.00 | $172.00 | $177.00 | $186.00 | $197.00 |

ECF No. 67-1 at 1—41.

Mr. Sadaka practices in Englewood, NJ—a jurisdiction that has been deemed "in forum." Accordingly, he is entitled to the rates established in *McCulloch*. *See Jaffri v. Sec'y of Health & Hum. Servs.*, No. 13-484V, 2016 WL 7319407, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). The rates requested for work performed through the end of 2023 are reasonable and consistent with

prior determinations, and will therefore be adopted. However, I find the newly requested 2024 rate to be excessive—ordinarily, year-to-year rate increases should be consistent (*i.e.*, the rate increase amount should be the same as in prior years). Thus, based on my experience relevant to determining proper hourly rates for Program attorneys and what has been previously allowed for Mr. Sadaka, I find the rate of $515.00 per hour for 2024 to be more appropriate. This reduces the amount to be awarded herein by $4,929.60.[5]

The paralegal rates requested through the end of 2023 are also reasonable and consistent with prior determinations, and will therefore be adopted. A decision setting forth an appropriate paralegal rate for 2024 for the Law Offices of Sadaka Associates, however, has not yet been issued. Nonetheless, the total amount requested for the work performed by Ms. Curry in 2024 is reasonable and not excessive, and shall therefore be awarded as requested.[6]

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $80,986.04 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, costs associated with travel related to hearing, and costs associated with the work of two experts, Omid Akbari, M.D. and Joseph Jeret, M.D. ECF No. 67-1 at 40–41; ECF No. 73-1 at 4. Dr. Jeret prepared one written report in this matter and testified on behalf of Petitioner. He submitted an invoice for a total of $5,875.00 (at an hourly rate $500.00 for 11.75 hours of work), with a retainer fee of $3,500.00. ECF No. 67-2 at 24–25. The basic litigation costs and costs associated with Dr. Jeret's work are reasonable herein, and I find that the amount of time billed by Dr. Jeret to be reasonable as well. Thus, they shall be awarded in full without reduction.

Dr. Akbari prepared three written reports in this matter and testified on behalf of Petitioner. He submitted an invoice for a total of $71,610.00 (at an hourly rate of $550.00 for 130.2 hours of work), with a retainer fee of $5,000.00. ECF No. 67-2 at 20, 22–23, 32–33. Although I am mindful

---

[5] This amount consists of ($563 - $515 = $48 x 102.7 hrs) = $4,929.60.

[6] In awarding these portion of paralegal fees, I make no comment on the reasonableness of the newly-requested 2024 rate, but rather base my determination on the fact that the overall fee requested, in light of the amount of work performed, was reasonable.

of the financial burdens associated with expert retention, I deem it premature to award costs for Dr. Akbari's work at this stage of the matter. The expert costs associated with Dr. Akbari appear extremely high, and may prove not to be warranted in full. But I cannot assess whether these rates were reasonably incurred (or even if the opinion he offered was helpful to the claim's resolution) until I have decided the case fully. Accordingly, judicial economy compels me to hold these side issues for later in the case, when they are less likely to distract me from determining the claim's underlying merits.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs, awarding $118,327.81 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and his attorney Mark T. Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.